IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAILY INSTRUMENTS CORPORATION d/b/a DAILY THERMETRICS, | § § § § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| vs. | | NO. 4:13-CV-2189 |
| ERIC HEIDT, WIKA INSTRUMENT, LP, WIKA PROCESS SOLUTIONS, LP, and GAYESCO INTERNATIONAL, LP, | | |
| *Defendants*. | | |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY IN ANTICIPATION OF PRELIMINARY INJUNCTION HEARING**

Plaintiff Daily Instruments Corporation d/b/a Daily Thermetrics ("Daily") files this Motion for Expedited Discovery in Anticipation of Preliminary Injunction Hearing and respectfully shows the Court as follows:

**I.
NATURE AND STAGE OF THE PROCEEDING**

1.  Daily has applied for a preliminary injunction to prevent Defendant Eric Heidt ("Heidt") from further breaching a valid Confidentiality, Non-Solicitation and Non-Competition Agreement (the "Non-Competition Agreement") and Confidentiality Agreement (the "Confidentiality Agreement") containing post-employment restrictive covenants that he entered into with Daily, and to prevent Defendants WIKA Instrument, LP ("WIKA Instrument"), WIKA Process Solutions, LP ("WIKA Process"), and Gayesco International, LP ("Gayesco") from profiting from those breaches. Daily originally filed this action in the 234th Judicial District

Court of Harris County, Texas.  Defendants removed this action to this Court on July 26, 2013. *See* Doc. No. 1.

## II.
## ISSUES TO BE RULED UPON BY THE COURT

2. Whether Daily is entitled to an order authorizing expedited discovery so that it may prepare for—and most efficiently present evidence at—its requested preliminary injunction hearing.

## III.
## FACTS

3. In support of this Motion, Daily incorporates by reference the facts asserted in its Amended Complaint and Application for Preliminary and Permanent Injunctive Relief (the "Amended Complaint").  *See* Doc. No. 13.

## IV.
## APPLICABLE LAW

4. The Court may grant expedited discovery before the Rule 26(f) meeting for "good cause," meaning simply that the need for discovery outweighs any possible prejudice to the party from whom discovery is sought. *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Combat Zone Corp. v. John/Jane Does 1-2*, No. 2:12-CV-00509, 2012 U.S. Dist. LEXIS 180841, at *2-3 (E.D. Tex. Dec. 21, 2012) ("An increasing majority of district courts, including several in the Fifth Circuit, have adopted a 'good cause' standard to determine whether to permit such expedited discovery.").[1]

5. "Good cause" for granting expedited discovery generally exists where, as here, the plaintiff seeks expedited discovery in aid of a preliminary injunction hearing. *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004) ("Expedited

---

[1] Copies of unpublished cases cited herein are attached as <u>Exhibit C</u>.

discovery would be appropriate in cases involving preliminary injunctions or challenges to personal jurisdiction."); *Hausser + Taylor LLC v. RSM McGladrey, Inc.*, No. 1:07-CV-2832, 2007 U.S. Dist. LEXIS 70098, at *8 (N.D. Ohio Sept. 21, 2007) (permitting expedited discovery to "allow Plaintiff the opportunity to present evidence warranting a preliminary injunction"). Indeed, such relief is "routinely granted in actions involving infringement and unfair competition." *Benham Jewelry Corp. v. Aron Basha Corp.*, No. 97 Civ. 3841, 1997 U.S. Dist. LEXIS 15957, at *58 (S.D.N.Y. July 18, 1997).

6. Here, Daily seeks expedited discovery from Defendants in order to properly prepare for the hearing on Daily's requested application for a preliminary injunction, which seeks to enforce the terms of the Non-Competition Agreement and Confidentiality Agreement entered into by Heidt and to protect Daily's trade secrets and confidential information from improper misappropriation, disclosure, or use by Defendants. As noted in Daily's Amended Complaint, Heidt's non-competition obligations extend for 24 months after the termination of his employment on February 15, 2013, and for that reason, Daily seeks a hearing on its application for preliminary injunction as soon as reasonably possible in order to enforce its rights under the Non-Competition Agreement and to protect and obtain the return of its confidential and trade secret information.

## V.
## DISCOVERY REQUESTED

7. Daily requests the following expedited discovery to prepare for the preliminary injunction hearing. The requested discovery is reasonable in scope, and the information sought is crucial to Daily's prosecution of this case and is highly relevant to the issues to be presented at the preliminary injunction hearing. The requested depositions are necessary because the identified witnesses are or may be adverse to Daily and are or may be subject to the control of

the opposing parties. Daily requests this discovery in addition to other discovery, including additional depositions of these and other potential witnesses, which may be necessary to prepare to present the merits of this case.

**A.     Requests to Heidt**

8.     Daily requests that the Court shorten the time for Heidt to serve Rule 26 Initial Disclosures and respond to Daily's Interrogatories and Requests for Production. Those requests are attached to this Motion as Exhibit A.

**B.     Requests to WIKA Instrument and WIKA Process**

9.     Daily requests that the Court shorten the time for WIKA Instrument and WIKA Process to serve Rule 26 Initial Disclosures and respond to Daily's Requests for Production, which are attached to this Motion as Exhibit B.

**C.     Depositions**

10.     Daily requests that the Court order the following depositions to take place on an expedited basis:

    a.     Defendant Eric Heidt

    b.     Lori Ann Gerken of Defendant WIKA Instrument.

    c.     Paul Lemmens of Defendant WIKA Process.

    d.     Dave Wannamaker of WIKA.

    e.     Kelvin Tan of WIKA.

    f.     Bob Poteet of Gayesco.

    g.     Corporate representative(s) of WIKA Instrument, WIKA Process and Gayesco.

## VI.
## **PRAYER FOR RELIEF**

11. Daily requests that the Court open the discovery period immediately and grant this Motion for Expedited Discovery as follows:

   a. Heidt must serve Rule 26 Initial Disclosures and respond to, and produce the documents responsive to, Daily's First Set of Interrogatories and First Requests for Production within fourteen calendar days from the date of the Court's order;

   b. WIKA Instrument and WIKA Process must serve Rule 26 Initial Disclosures and respond to, and produce the documents responsive to, Daily's First Requests for Production within fourteen calendar days from the date of the Court's order; and

   c. Daily is authorized to take the depositions of the above-named individuals at least seven (7) calendar days before the date of the preliminary injunction hearing at a date and time agreed by the witness or, failing agreement, as set by Daily's notice of deposition.

Respectfully submitted,

*/s/ Gretchen Agena*
Gretchen Agena (Attorney-in-Charge)
Texas State Bar No. 24040396
Federal I.D. No. 38500
Kevin Little
Texas State Bar No. 24070155
Federal I.D. No. 1138412
LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, Texas  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
gagena@littler.com
klittle@littler.com

M. Scott McDonald
Texas State Bar No. 13555505
Federal I.D. No. 9500
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, LockBox 116
Dallas, TX  75201.2931
214.880.8100 (Telephone)
214.880.0181 (Facsimile)
smcdonald@littler.com

**ATTORNEYS FOR PLAINTIFF DAILY INSTRUMENTS CORPORATION d/b/a DAILY THERMETRICS**

## CERTIFICATE OF CONFERENCE

I hereby certify that, on August 23, 2013, I conferred by telephone with counsel for Defendants Eric Heidt, WIKA Instrument, LP, and WIKA Process Solutions, LP, who indicated that their respective clients are opposed to the relief sought in this Motion.

*/s/ Kevin Little*
Kevin Little

**CERTIFICATE OF SERVICE**

      I hereby certify that, on August 23, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Joseph Y. Ahmad
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING PC
1221 McKinney Street, Suite 3640
Houston, Texas 77010
*Attorneys for Defendant Eric Heidt*

Kenneth M. Krock
RAPP & KROCK, PC
3050 Post Oak Blvd., Suite 1425
Houston, Texas 77056
*Attorneys for Defendant WIKA Instrument, LP*

Felicity A. Fowler
HAYNES AND BOONE, LLP
1221 McKinney, Suite 2100
Houston, Texas 77010
*Attorneys for Defendant WIKA Process Solutions, LP*

    */s/ Gretchen Agena*
    Gretchen Agena